IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL R. ROMERO                :

    v.                           :    Civil Action No. DKC 09-2371

BRANDON BARNETT, et al.          :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this prisoner civil rights action is a motion filed by Plaintiff Michael R. Romero to strike Defendants' answer and for entry of default judgment. (ECF No. 64). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion will be denied.

**I. Background**

On September 9, 2009, Plaintiff Michael R. Romero, an inmate at Western Correctional Institution, commenced this action by filing a *pro se* complaint alleging violations of 42 U.S.C. § 1983 against prison staff.[1] In response, two sets of defendants – the "medical defendants" and the "correctional defendants" – separately moved to dismiss or, in the

---

[1] Plaintiff has since been transferred to Roxbury Correctional Institution in Hagerstown, Maryland, where he is currently incarcerated.

alternative, for summary judgment.  By a memorandum opinion and order dated August 2, 2010, the court granted summary judgment in favor of the medical defendants and granted in part and denied in part the correctional defendants' motion.  (ECF Nos. 45, 46).  The only surviving claims were those alleging excessive force and punitive transfer to a higher security level prison against current or former correctional officers Brandon Barnett, Quentin Ragin, Phil Smith, and Adam Hocker (collectively, "Defendants").  (ECF No. 46, ¶ 5).

After Plaintiff was assigned *pro bono* counsel, a telephone conference was held on February 28, 2011, to discuss the schedule going forward.  During that conference, the court observed that Defendants had not yet answered the complaint. Defense counsel explained that this was an oversight on his part and asserted that he would file a form answer by the end of the day.  Plaintiff's counsel did not indicate any objection to the proposed late filing.  Later on the same date, as promised, defense counsel filed an answer generally denying "each and every allegation set forth in the complaint" and asserting certain defenses.  (ECF No. 59).[2]

---

[2] Notably, the answer purports to be filed on behalf of "Charles Keim, Sergeant Barnett, Lieutenant Reagan, and Phil Smith."  (ECF No. 59, at 1).  The claims against Mr. Keim, however, did not survive the prior dispositive motions.  The docket will be corrected to reflect that he was terminated as a defendant.  Moreover, at least some of the claims against

On March 21, Plaintiff filed the pending motion to strike answer and for entry of default judgment. (ECF No. 64). Thereafter, Defendant filed papers opposing Plaintiff's motion (ECF No. 66) and separately filed a supplemental answer and request for jury trial (ECF No. 67), admitting that jurisdiction was proper in this court, but generally denying all other allegations contained in the complaint.[3]

## II. Analysis

Plaintiff's motion consists of two parts. First, he asks the court to strike Defendants' answer because (1) it was untimely filed, and (2) it allegedly fails to comply with the requirements set forth by Federal Rule of Civil Procedure 8(b).

---

Defendant Adam Hocker did survive, but his name was omitted from the answer, and the name of Defendant Ragin was apparently misspelled "Reagan."

[3] This document names the proper defendants, *i.e.*, "Defendants Barnett, Hocker, Ragin and Smith" (ECF No. 67, at 1), but is procedurally improper insofar as it purports to be a supplemental pleading. Pursuant to Fed.R.Civ.P. 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Defendants did not seek leave to file a supplemental answer, nor is this pleading truly "supplemental," as it does not relate to events alleged to have taken place since the prior answer was filed – in fact, it is not even filed on behalf of the same defendants. Nevertheless, the court will construe Defendants' supplemental answer as a motion for leave to file an amended answer, pursuant to Fed.R.Civ.P. 15(a)(2), and, so construed, that motion will be granted. The clerk will be directed to correct the docket to reflect this document as Defendants' amended answer.

Assuming the success of his motion to strike, Plaintiff then asks that a default judgment be entered in his favor.

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which gives the court discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While it is generally accepted that a motion to strike "is neither an authorized nor proper way to procure the dismissal of all or part of" of a pleading, 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 391 (3d ed. 2004), some courts have found that an untimely answer may be stricken in its entirety under certain circumstances, *see Canady v. Erbe Elektromedizin GmbH*, 307 F.Supp.2d 2, 8 (D.D.C. 2004). In any context, however, Rule 12(f) motions seek "a drastic remedy which is disfavored by the courts and infrequently granted." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W.Va. 1993); *see also Waste Management Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001).

In *Canady*, the defendants moved to strike the plaintiffs' answer to counterclaims on the ground that it was untimely by more than six months and separately moved for entry of default judgment. In response to the motion to strike, the plaintiffs asserted that the parties had reached an agreement as to when the answer would be served, a claim the defendants denied. The

4

court concluded that it had the authority to grant the requested relief, but nevertheless declined to do so:

> The defendants would like to strike the plaintiffs' answer so that the court can declare the plaintiffs in default and proceed toward default judgment. Such a result, however, would contravene the established policies disfavoring motions to strike, *Stabilisierungsfonds Fur Wein* [*v. Kaiser Stuhl Wine Distributors Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981)] (emphasizing that courts "strongly favor resolution of disputes on their merits" and "it seems inherently unfair to . . . enter judgment as a penalty for filing delays" (internal quotations omitted)).

*Canady*, 307 F.Supp.2d at 8. The court, thus, denied the defendants' motion to strike and denied as moot their motion for default judgment:

> Even if the court were to strike the plaintiffs' answer, the court still would not be in a position to grant the defendants default judgment in light of the absence of an entry of default. Indeed, a fatal flaw with the defendants' approach is their blindness to the two-step process calling for the entry of default, followed by the entry of default judgment. Fed. R. Civ. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); see also 10A Fed. Prac. & Proc. Civ.3d § 2682 (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). The defendants failed to implement the first step by asking the Clerk of the Court to enter default against the plaintiffs. Thus, under this alternate theory, the defendants are in no

>     position to apply for the entry of default
>     judgment.

*Id*. at 8-9. *See also Wilson v. King*, Civ. No. 06-CV-2608, 2010 WL 678102, at *3 (E.D.Pa. Feb. 24, 2010) ("[f]requently relying on the reasoning in *Canaday*, other courts have also denied motions to strike late pleadings in favor of deciding cases on their merits," citing cases).

Plaintiff's motion will be denied for similar reasons. This is not a case where a party has failed to defend such that the entry of default and/or default judgment would be appropriate. *See Khadka v. Rajamani*, No. 1:08cv1320 (JCC), 2009 WL 910849, at *1 (E.D.Va. Apr. 1, 2009) (citing *Canady*, noting, "[t]he Fourth Circuit also strongly favors the resolution of cases on the merits"). To the contrary, defense counsel thoroughly litigated a potentially dispositive motion on behalf of his clients and simply neglected to file an answer to the complaint thereafter. This oversight was not raised by Plaintiff, but by the court during the February 28, 2011, telephone conference. Defense counsel candidly acknowledged his error, promised to correct it promptly, and the court accepted his explanation, essentially finding "excusable neglect" for the late filing. *See* Fed.R.Civ.P. 6(b) (court has discretion to permit the filing of a late answer "when the failure to act was the result of excusable neglect"); *see also Mommaerts v.*

*Hartford Life and Acc. Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007) ("Extensions may be granted, after the time for action has passed, when justified by 'excusable neglect.'"). While Plaintiff generally asserts that he has suffered prejudice insofar as "his ability to obtain a prompt resolution of his case has been unduly delayed" (ECF No. 64, at 5), he never moved for entry of default during the five-plus months that Defendants' answer was outstanding, and the record at least suggests that he was unaware that an answer had not been filed prior to the telephone conference. Under these circumstances, Plaintiff's general claim of prejudice is not compelling. *See Provident Life and Acc. Ins. Co. v. Cohen*, 137 F.Supp.2d 631, 632 (D.Md. 2001) (Rule 12(f) motion "should not be granted absent a showing of undue prejudice"). Moreover, even if the court were to strike Defendants' answer, it could not enter a default judgment because Plaintiff's motion contains the same "fatal flaw" as the motion for default judgment considered in *Canady* – *i.e.*, "blindness to the two-step process calling for the entry of default, followed by the entry of default judgment." *Canady*, 307 F.Supp.2d at 8-9. Having failed to obtain a clerk's entry of default, pursuant to Fed.R.Civ.P. 55(a), Plaintiff is not eligible for entry of default judgment under Fed.R.Civ.P. 55(b).

Plaintiff further complains about the sufficiency of Defendants' general denial of all substantive allegations. According to Plaintiff, his complaint raises "factual allegations and legal claims against the Defendants which are sufficiently clear and specific and require Defendants to specifically admit or deny their substance in a manner that fairly responds to the substance of the allegations, which they must do to satisfy their obligation for pleading under Rule 8." (ECF No. 64, at 4). Federal Rule of Civil Procedure 8(b)(3) provides, however, that a party may "specifically deny designated allegations or generally deny all except those specifically admitted." In their supplemental answer, which the court construes as an amended answer, Defendants have admitted the jurisdictional grounds of the complaint, but denied all substantive allegations. Nothing more is required of them under Rule 8(b)(3).

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to strike and for entry of default judgment will be denied. A separate order will follow.

```
_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
```